United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41571
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS VILLAFUERTE-NAVARRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-702-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Carlos Villafuerte-Navarro (Villafuerte) pleaded guilty to unlawfully re-entering the United States in violation of 8 U.S.C. § 1326(a). He challenges the district court's imposition of a 16-level enhancement for a prior felony conviction pursuant to U.S.S.G. § 2L1.2, arguing that the enhancement violates the rule announced in United States v. Booker, 543 U.S. 220 (2005).

As the enhancement was based on a prior conviction, there is no Sixth Amendment Booker error. Rather, the error was the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the Sentencing Guidelines as mandatory, which we have termed "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). As with Booker error, when "Fanfan" error is preserved in the district court, this court "will ordinarily vacate the sentence and remand, unless [the court] can say the error was harmless." United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). As Villafuerte objected to the application of the Guidelines to him, we review for harmless error. See Walters, 418 F.3d at 464. We reject Villafuerte's contention that "Fanfan" error is structural and, therefore, insusceptible of harmless error analysis. See Walters, 418 F.3d at 463.

To show harmless error, the Government must demonstrate "beyond a reasonable doubt that the district court would not have sentenced [the defendant] differently had it acted under an advisory Guidelines regime." United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005). In light of Walters, we reject the Government's contention that the "harmless beyond a reasonable doubt" standard is inapplicable.

The Government has not met its burden. The record contains no indication as to what the district court would have done had it been aware that it was not bound to apply the Sentencing Guidelines. The Government's contention that the district court's sentence at the low end of the Guidelines reflected that the court considered the Guidelines and the factors set forth in 18 U.S.C.

§ 3553(a) and took into account Villafuerte's objection that his criminal history was over-represented is unavailing. Those facts tell us nothing more than that, within the then-mandatory Guidelines framework, the district court believed that the sentence was appropriate. They shed no light on what sentence the district court would have imposed had it been given the greater discretion afforded by an advisory Guidelines scheme. As we cannot say that the mandatory application of the Guidelines did not affect Villafuerte's sentence, Villafuerte's sentence must be vacated and the case must be remanded for re-sentencing.

Villafuerte also asserts that the enhanced penalty provisions of 8 U.S.C. § 1362(b) are unconstitutional. Villafuerte's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Villafuerte contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Villafuerte properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Villafuerte's conviction. We VACATE his sentence and REMAND to the district court for re-sentencing.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RE-SENTENCING.